T.C. Summary Opinion 2004-136

UNITED STATES TAX COURT

JANET L. PICKERING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12190-03S.          Filed October 6, 2004.

Janet L. Pickering, pro se.

<u>Nancy C. Carver</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2000 Federal income tax and additions to tax as follows:

| | Additions to Tax | | |
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | 6654(a) |
| --- | --- | --- | --- |
| $6,555 | $1,417.72 | $661.60 | $337.35 |

After concessions,[1] the issues for decision are: (1) Whether petitioner received unreported income of $17,599.12 in wages, interest, dividends, and gains from the sale of stock for the 2000 taxable year; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) of $1,417.72 for the 2000 taxable year; and (3) whether petitioner is liable for an addition to tax under section 6654(a) of $337.35 for the 2000 taxable year.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are

---

[1] Respondent concedes that petitioner is not liable for the addition to tax under sec. 6651(a)(2). In the notice of deficiency, respondent determined that petitioner received $1,068 in dividends from Merrill Lynch Pierce Fenner & Smith (Merrill Lynch). Respondent concedes that petitioner received only $721 in dividends from Merrill Lynch.

incorporated herein by this reference.[2]  At the time the petition was filed, petitioner resided in Sterling, Virginia.

During the 2000 taxable year, petitioner received the following:  (1) Wages of $1,972 from the Loudon Baptist Temple; (2) interest of $1,643 from both Merrill Lynch Pierce Fenner & Smith (Merrill Lynch) and Prudential Securities, Inc. (Prudential); (3) dividends of $1,561 from Merrill Lynch and Prudential;[3] and (4) an income tax refund of $114 from the Commonwealth of Virginia Department of Tax.

On March 9, 2000, petitioner sold 125 shares of Series A, 8.5 percent cumulative preferred stock in Americo (Americo stock) and received sale proceeds of $2,963.  In January 1994, petitioner had purchased 560 shares of Americo stock for $13,864.50.  The sale of Americo stock thus resulted in a loss of $131.75.

---

[2]  The stipulation of facts was filed without trial and without an appearance by petitioner at a trial scheduled for May 12, 2004.  By Order dated May 12, 2004, we offered petitioner an opportunity, if she so desired, to supplement the record by June 11, 2004.  During a conference call with the parties on June 22, 2004, we again advised petitioner of an opportunity to supplement the record.  Other than the stipulation of facts and the attached exhibits, the Court has not received any indication from petitioner of an intention to supplement the record.

[3]  As indicated earlier, respondent concedes that petitioner did not receive $347 in dividends, the difference between what respondent determined in the notice of deficiency and the stipulated amount of $721.

During the 2000 taxable year, petitioner also sold 769 shares of stock in Peco Energy Co. (Peco stock) and received sale proceeds of $31,581 through the following transactions:[4]

| No. of Shares | Date of Sale | Sales Proceeds | Date of Purchase | Purchase Price |
|---|---|---|---|---|
| 50 | 02/09/00 | $2,045.18 | 01/10/95 | $1,231.25 |
| 180 | 02/15/00 | 7,177.03 | 01/10/95 | 4,432.50 |
| 50 | 04/24/00 | 2,017.47 | 01/10/95 | 1,231.25 |
| 50 | 05/22/00 | 2,183.76 | 01/10/95 | 1,231.25 |
| 295 | 06/20/00 | 12,202.53 | 01/10/95 | 7,264.38 |
| 13 | 06/20/00 | 537.73 | 06/30/95 | 354.10 |
| 12 | 06/20/00 | 496.37 | 09/29/95 | 359.20 |
| 13 | 06/20/00 | 537.74 | 12/20/95 | 391.21 |
| 15 | 06/20/00 | 620.46 | 03/29/96 | 396.91 |
| 15 | 06/20/00 | 620.47 | 06/28/96 | 403.35 |
| 17 | 06/20/00 | 703.20 | 09/30/96 | 410.09 |
| 17 | 06/20/00 | 703.20 | 12/20/96 | 431.81 |
| 21 | 06/20/00 | 868.66 | 03/31/97 | 439.59 |
| 21 | 06/20/00 | 868.66 | 06/30/97 | 449.24 |

The sale of Peco stock resulted in a gain of $12,554.87.

Petitioner made estimated tax payments of $254 for the 2000 taxable year. In addition, petitioner requested, and respondent granted, two extensions of time to file a tax return for the 2000 taxable year. Despite these extensions, petitioner did not file a return for the 2000 taxable year.

As we indicated earlier, respondent determined that petitioner received unreported income and that she is liable for certain additions to tax for the 2000 taxable year. Respondent

---

[4] While the parties stipulated that petitioner received sale proceeds of $31,581, petitioner's annual statement from Merrill Lynch indicates that she received proceeds of $31,582.46. This difference is immaterial, and we accept the stipulated amount.

further determined that petitioner's filing status is "married filing separate return" and that she is entitled to the standard deduction and a personal exemption deduction for the 2000 taxable year.[5]

## Discussion

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). However, if the taxpayer satisfies the limitations under section 7491(a)(2) and introduces credible evidence with respect to any factual issue relevant to ascertaining the tax liability, then the Commissioner bears the burden of proof with respect to such issue. Sec. 7491(a). Moreover, if a taxpayer asserts a reasonable dispute with respect to the income reported on an information return and fully cooperates, then the Commissioner shall have the burden of producing reasonable and probative information in addition to such information return. Sec. 6201(d); Tanner v. Commissioner, 117 T.C. 237 (2001), affd. 65 Fed. Appx. 508 (5th Cir. 2003); McQuatters v. Commissioner, T.C. Memo. 1998-88. In the present case, petitioner has not satisfied the requirements of either section 6201(d) or 7491(a). Unless indicated otherwise, the burden of proof remains on the petitioner.

---

[5] Petitioner contends that she is entitled to itemized deductions and dependency exemption deductions for the 2000 taxable year. Petitioner has not offered any evidence to support her contention, even though, as we indicated earlier, the Court has permitted her to supplement the record.

Unreported Income

A taxpayer's gross income includes all income from whatever source derived, including (but not limited to) compensation for services, gains derived from dealings in property, interest, and dividends.[6] Sec. 61(a)(1), (3), (4), (7). In the present case, petitioner received wages of $1,972, dividends of $1,561, interest of $1,643, a gain of $12,554.87 from the sale of Peco stock, and a loss of $131.75 from the sale of Americo stock. Accordingly, petitioner's gross income for the 2000 taxable year is $17,599.12. We sustain respondent's determination on this issue to the extent of this amount.

Addition to Tax Under Section 6651(a)(1)

If a Federal income tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). A delay is due to reasonable cause if "the taxpayer exercised ordinary business care and prudence

---

[6] A taxpayer's gross income also includes a refund of State income tax in the year received to the extent that said tax was claimed as a deduction in any prior taxable year and resulted in a reduction in Federal income tax. See sec. 111(a); Kadunc v. Commissioner, T.C. Memo. 1997-92. While the record indicates that petitioner received in 2000 an income tax refund of $114 from the Commonwealth of Virginia Department of Tax, said amount was not included in petitioner's gross income as part of respondent's determination, and respondent did not raise this matter at any time after the issuance of the notice of deficiency. Accordingly, we do not address whether the State income tax refund was includable in petitioner's gross income for the 2000 taxable year.

and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 243 (1985). The Commissioner has the burden of production with respect to the liability of any individual for an addition to tax under section 6651(a)(1). Sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on petitioner. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

In the present case, respondent met his burden of production with respect to the addition to tax under section 6651(a)(1). Petitioner did not file a return for the 2000 taxable year. Nor did petitioner provide any evidence to establish she had reasonable cause for the failure to timely file. Respondent's determination as to this issue is sustained.

Addition to Tax Under Section 6654

Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". The amount of the underpayment is the excess of the "required installment" over the amount (if any) of the installment paid on or before the due date for the installment. Sec. 6654(b)(1). The amount of the required installment, in turn, is 25 percent of the required annual payment, which is the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or

(2) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on the return of the individual for the preceding taxable year. Sec. 6654(d)(1)(A) and (B). The Commissioner bears the burden of production in any court proceeding with respect to the addition to tax under section 6654. See sec. 7491(c). The Commissioner need only make a prima facie case that imposition of the addition to tax is appropriate. <u>Mackey v. Commissioner</u>, T.C. Memo. 2004-70.

In the present case, respondent did not meet his burden of production to establish a prima facie case that imposition of the addition to tax is appropriate. Petitioner made estimated tax payments of $254 for the 2000 taxable year. We cannot conclude from the record whether this amount is sufficient as the required annual payment under section 6654(d)(1)(B) because we cannot make a comparison with the tax shown on the return for the preceding taxable year. Accordingly, we deny respondent's determination regarding this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
